UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
MAR 2 5 2005
CLERK

| | | |
|---|---|---|
| TOBY BOLZER, | ) | CIV.05-5017-KES |
| Petitioner, | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

Petitioner, Toby Bolzer, filed a motion to vacate, set aside, or correct a sentence by a person in federal custody under 28 U.S.C. § 2255 on March 7, 2005. United States District Judge Karen E. Schreier filed an order denying a summary dismissal, ordered the Clerk to file the petition, and the government to file a response to the petition. Judge Schreier further ordered that the case be assigned to the undersigned Magistrate Judge for purposes of appointment of counsel, conducting any necessary hearings, including evidentiary hearings, and submission to the court of proposed findings of fact and recommendations for disposition of the case. The government filed their response on March 18, 2005.

## PROCEDURAL HISTORY

On November 20, 2002, petitioner was found guilty of second degree murder, and use of a firearm during the commission of a crime of violence. Judge Schreier sentenced the petitioner to one hundred sixty-eight months imprisonment on the second degree murder conviction, and a consecutive one hundred and twenty month sentence on the firearm conviction. Petitioner filed a timely appeal, and later the Eighth Circuit Court or Appeals affirmed the judgment and conviction of the petitioner. Petitioner further followed through with a petition for rehearing, and

the a petition for writ of certiorari to the Supreme Court, all of which were denied. The petition for writ of certiorari was denied on November 1, 2004, and the current motion was filed on March 7, 2005. The habeas corpus petition was timely filed under the Anti Terrorism and Effective Death Penalty Act.

Petitioner appealed his conviction to the Eighth Circuit. See United States v. Bolzer, 367 F.3d 1032. None of the petitioner's grounds for appeal involved the sufficiency of the Indictment.

In the petitioner's federal writ of habeas corpus, he alleges the following grounds for review:

**Ground One.** The Indictment was defective in that it failed to give petitioner notice to which crime he was to defend himself against at trial.

**Ground Two.** The Grand Jury Indictment was defective in that it failed to charge exactly which section the petitioner was charged with under 18 U.S.C. § 924(c).

**Ground Three.** Ineffective assistance of counsel as to grounds one and two.

## FACTS

Bolzer alleges that the inclusion of the words "malice aforethought," as alleged in Count I, led him to believe that he was facing a first degree murder charge, rather than a second degree murder charge, and that the Indictment did not give him fair notice of what the charges were against him due to this confusion. Petitioner also alleges that because the Indictment referred only to 18 U.S.C. § 924(c), rather than 18 U.S.C. § 924(c)(1)(A)(iii), the Indictment was also defective. He further alleges that this would be a violation of his Fifth Amendment right to have a Grand Jury find and indict on every element of the crime charged. The Indictment was entitled

2

Second Degree Murder.

## EVIDENTIARY HEARING

Petitioner has requested an evidentiary hearing on this case. An evidentiary hearing under § 2255 is required unless the records and file in the case conclusively show the claim is without merit, Holloway v. United States, 960 F.2d 1348 (8th Cir. 1992). If, however, these records are conclusive, an evidentiary hearing is not required. See Widgery v. United States, 796 F.2d 223 (8th Cir. 1986). For the reasons stated below, it is my finding and recommendation that an evidentiary hearing is not required in this case.

**Ineffective Assistance of Counsel.** The leading case of Strickland v. Washington, 466 U.S. 668 (1984), sets out a two prong test for ineffective assistance of counsel. Strickland requires that counsel's representation be deficient, and that the deficiency caused prejudice to the defendant. Petitioner alleges basically one error by trial counsel for failing to object to the Indictment. The Eighth Circuit Court ruled in Keto v. United States, 189 F.2d 247, that a defendant who is dissatisfied with the form or substance of an Indictment shall make that known to the trial court at or before the time sentence is imposed, and shall appeal from any judgment which he contends is based on a defective Indictment. The court further indicated it would create an intolerable situation if the defendants, after conviction, could defer their attacks upon Indictments until witnesses had disappeared, statute of limitations has run, and those charged with the duty of prosecution had died or been replaced or lost interest in the case. The defendant was charged with second degree murder, rather than first degree murder, and therefore, it is difficult to see where the defendant was prejudiced in anyway. There is no showing that the end result of the proceedings would have been any different had the Indictment listed the entire

3

citation, rather than the commonly used citation, or excluded the words "malice aforethought." "An Indictment regular on its face is strongly presumed to be valid." See <u>United States v. Nabors</u>, 762 F.2d 642 (8th Cir. 1985). Federal Rules of Criminal Procedure, particularly Rule 7(c), states that a customary citation of the statute is sufficient. Therefore, even if counsel would have objected to the Indictment, either the objection would have been found to be without merit or the complete citation would have been included, thus, no prejudice to the defendant or difference in the outcome.

The law is quite clear that issues involving a sufficiency of the Indictment are not reviewable in habeas corpus proceedings. In the case of <u>Knewel v. Egan</u>, 268 U.S. 442 (1925), the Supreme Court held,

> It is fundamental that a court upon which is conferred jurisdiction to try an offense has jurisdiction to determine whether or not that offense is charged or proved. Otherwise every judgment of conviction would be subject to collateral attack and review on habeas corpus on the grounds that no offense was charged or proved. It has been uniformly held by this court that the sufficiency of an Indictment cannot be reviewed in habeas corpus proceedings.

Therefore, it is my finding and recommendation that an evidentiary hearing not be held, and that the habeas corpus petition be dismissed.

Dated this 25th day of March, 2005.

BY THE COURT:

_____
MARSHALL P. YOUNG
UNITED STATES MAGISTRATE JUDGE

4

## NOTICE

The parties have ten (10) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections may result in waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

[Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)]
[Nash v. Black, 781 F.2d 665 (8th Cir. 1986)]