UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| TOBY BOLZER, | ) | Civ. 05-5017-KES |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

    Petitioner, Toby Bolzer, moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. The case was assigned to United States Magistrate Judge Marshall P. Young pursuant to 28 U.S.C. § 636(b)(1)(B) for the purpose of conducting any necessary hearings, including evidentiary hearings, and submission to the court of proposed findings of fact and recommendations. This matter is now before the court upon Bolzer's objections and supplemental objections to the findings.

    This court must make a de novo review "of those portions of the [Magistrate's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). After careful review of the record, the court adopts the findings and recommendations of the magistrate judge that are consistent with this opinion and supplements those

finding and recommendations with this opinion.  The petition for relief under § 2255 is denied.

## FACTS

Bolzer was indicted and charged with second-degree murder and using a firearm to commit a crime of violence.  Bolzer went to trial and was sentenced to 168 months on the second-degree murder charge and 120 months on the firearm charge.

Bolzer appealed his sentence to the Eighth Circuit Court of Appeals.  On appeal, he challenged the sufficiency of the evidence, jury instructions on malice and consciousness of guilt, conduct of the prosecutor, and exclusion of evidence regarding inconsistent statements by a government agent.  His conviction and sentence were affirmed on May 20, 2004.  United States v. Bolzer, 367 F.3d 1032 (8th Cir. 2004).

On February 25, 2005, Bolzer filed this § 2255 motion alleging a flawed indictment and ineffective assistance of counsel.  Magistrate Judge Marshall P. Young found that Bolzer's motion lacked merit and recommended that it be denied.

## DISCUSSION

**1.   Indictment**

Bolzer alleges the indictment in his case was flawed as to both charges.  See Indictment, CR. 02-50025, Docket 9, March 27, 2002.  He alleges the second-degree murder charge is flawed because it improperly alleges malice

aforethought as an element.  Bolzer also alleges the indictment as to the gun charge is flawed because it broadly mentions 18 U.S.C. § 924(c) and he was unaware which portion of 924(c) he was required to defend himself against. Bolzer also alleges the gun charge portion of the indictment improperly fails to list the model or serial number of the specific gun.

Bolzer raises this challenge for the first time in his habeas petition.  The validity of the indictment is not subject to collateral attack for the purpose of a habeas motion, "unless it appears that the circumstances are exceptional, that the questions raised are of 'large importance,' that the need for the remedy sought is apparent, and that the offense charged was one of which the sentencing court manifestly had no jurisdiction."  Keto v. United States, 189 F.2d 247, 251 (8th Cir. 1951).  The instant case is not such a case.  Bolzer's habeas petition as to the indictment challenge is denied.

## 2. Ineffective Assistance of Counsel

Bolzer makes several arguments related to ineffective assistance of counsel that he did not raise on direct review.  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).  Failure to raise an issue on direct review normally means that the appellant has defaulted the issue, but a procedural default may be excused if he can show "either cause and actual prejudice, or

3

that he is actually innocent." Hohn v. United States, 193 F.3d 921, 923 (8th Cir. 1999) (internal quotations omitted). A showing of ineffective assistance of counsel under the standard in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) satisfies the requirement that the appellant show cause and prejudice. Apfel, 97 F.3d at 1076.

The United States Supreme Court established the legal principles that govern claims of ineffective assistance of counsel in Strickland. "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." Wiggins v. Smith, 539 U.S. 510, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003) (citing Strickland, 466 U.S. at 687, 104 S. Ct. 2052). "To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'" Id. (quoting Strickland, 466 U.S. at 688, 104 S. Ct. 2064). The Supreme Court has declined to articulate specific guidelines for appropriate attorney conduct and instead has emphasized that "'[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" Id. (quoting Strickland, 466 U.S. at 688, 104 S. Ct. at 2065).

Bolzer's counsel was not deficient. Bolzer alleges his counsel should have challenged the indictment at an earlier stage and that such failure prejudiced him. Bolzer's counsel had no reason to challenge any portion of the indictment. Bolzer claims that malice aforethought only applies to first-degree

murder and that both he and the jury were confused by its application to his second-degree murder charge.  Malice aforethought only differentiates between murder and manslaughter.  <u>Beardslee v. United States</u>, 387 F.2d 280, 291 (8th Cir. 1967).  A careful reading of 18 U.S.C. § 1111 makes clear that malice aforethought applies to both first- and second-degree murder and that first-degree murder requires the extra element of premeditation.  <u>United States v. Blue Thunder</u>, 604 F.2d 550, 553 (8th Cir. 1979) (citing <u>Beardslee</u>, 387 F.2d at 280).  There was no reason for Bolzer's counsel to object to the second-degree murder portion of the indictment.

 In addition, Bolzer was specifically charged in the indictment with use of a firearm during the commission of a crime of violence.  Although Bolzer argues this is too broad and the indictment does not allege a specific gun, the indictment is valid on either analysis.  A careful reading of § 924(c) reveals that the issue of a specific firearm only arises when the defendant is charged with transporting a firearm across state lines.  Here, Bolzer was clearly charged with use of a firearm during the commission of a crime of violence.  Bolzer had notice of what portion of § 924(c) he was charged with and that portion of § 924(c) does not require identification of a specific gun.  Bolzer's counsel had no reason to challenge the indictment on these issues.  Because Bolzer's counsel was not deficient, the court finds she was not ineffective.  The court adopts the magistrate judge's recommendations and findings on all issues.

Accordingly, it is hereby

ORDERED that the findings and recommendations of Magistrate Judge Young (Docket 7) are adopted as supplemented by this opinion and Bolzer's petition for relief under § 2255 (Docket 1) is denied in all respects.

Dated June 17, 2005.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE